NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 6, 2015[*]
Decided November 6, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-3219

| | |
|---|---|
| RICHARD ROSA, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 13 C 8254 |
| JOHN DOE, et al., | |
| *Defendants-Appellees*. | Manish S. Shah, *Judge*. |

**O R D E R**

Richard Rosa, an Illinois prisoner, appeals the dismissal of this suit under 42 U.S.C. § 1983 asserting that unnamed medical staff at Stateville Correctional Center were deliberately indifferent in their treatment of his broken shoulder. The district court dismissed his claims as time-barred because he waited more than two years to name a specific Stateville doctor as a defendant. We affirm.

---

[*] After examining the brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Rosa brought this suit in November 2013, alleging that (1) unnamed Chicago police officers used excessive force when they broke his shoulder during an arrest two years earlier, in November 2011, and (2) that an unnamed doctor and correctional officer at Stateville denied him needed medical care for his injury after being taken there in December 2011.

In December 2013 Judge Chang screened the complaint, *see* 28 U.S.C. § 1915A, and dismissed the excessive-force claim as untimely, but allowed Rosa to proceed on his deliberate-indifference claim, which was not time-barred because the alleged mistreatment continued until April 2012 when he was transferred to another prison. Judge Chang decided to recruit counsel to help Rosa identify the doctor who denied him medical attention and the correctional officer who denied him access to health care. But on the eve of the expiration of the statute-of-limitations period, Rosa's counsel informed the court that he anticipated moving to withdraw because, after analyzing Rosa's medical records, he saw no merit to the claim. Months later, Judge Shah, to whom the case had been reassigned, granted counsel's motion to withdraw and in turn allowed Rosa an opportunity to amend his complaint and raise claims related only to his medical care at Stateville that were still timely.

In September 2014 Rosa filed an amended complaint, the allegations of which we accept as true. As set forth in the complaint, Rosa arrived at Stateville in December 2011 with a dislocated shoulder, and despite two doctors' recommendations that he be evaluated for surgery immediately, Stateville medical director Dr. Mahoney delayed the surgery for three months until April 2012. A few days after the surgery, Rosa was transferred to another prison for post-operative care. Dr. Mahoney, in Rosa's view, showed deliberate indifference to his medical needs by delaying the surgery.

Judge Shah dismissed the claim against Dr. Mahoney as untimely. That claim accrued, the court said, when Rosa left Dr. Mahoney's care upon being transferred in April 2012, and the two-year statute of limitations had lapsed by the time Rosa amended his complaint in September 2014. The court rejected Rosa's attempt to make his claim timely by joining an unrelated claim against the doctor at his current prison. And to the extent that Rosa blamed counsel for withholding his medical records until after the expiration of the statute of limitations, the court determined that those same medical records all along had been available to him, too. *See* ILL. ADMIN. CODE tit. 20, § 107.330(b).

On appeal Rosa argues that the district court should have tolled the statute of limitations based on counsel's last-minute motion to withdraw and his "fraud[ulent]

concealment" of what Rosa believes to be the only copy of his medical records. Rosa argues that his lawyer's obstructiveness prevented him from identifying Dr. Mahoney before the statute of limitations expired.

We agree with the district court that counsel's actions do not warrant tolling. Equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Clark v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013) (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990) (emphasis omitted)). Rosa has not explained why he believes that the only existing copy of his medical records was exclusively within his lawyer's control. As the district court noted, prisoners, by regulation, have access to inspect or copy their medical records upon a written request, *see* ILL. ADMIN. CODE tit. 20, § 107.330(b), and Rosa does not dispute the availability of this process to him. Rosa's bald charge of fraud against his lawyer has no apparent merit.

AFFIRMED.